## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

KE'ONDRA M. CHESTANG,                                                        PLAINTIFF
ADC #134005

v.                                        NO. 2:12CV00055 JLH

RUBEN ROBINSON, Corporal,
East Arkansas Regional Unit,
Arkansas Department of Correction;
and GREG HARMON, Warden,
Arkansas Department of Correction                                           DEFENDANTS

### OPINION AND ORDER

Ke'Ondra M. Chestang, an inmate in Varner SuperMax unit of the Arkansas Department of

Correction, brings this action against Ruben Robinson, a prison guard, and Greg Harmon,[1] the

Warden, pursuant to 42 U.S.C. § 1983, alleging that Robinson used excessive force against Chestang

in retaliation for Chestang having filed grievances against him.  The defendants moved for summary

judgment, arguing that they are entitled to sovereign immunity in their official capacities, that the

complaint fails to state a claim for which relief may be granted,[2] that plaintiff's injuries were de

minimis, as against Harmon that respondeat superior is not a permissible theory under section 1983,

and that Harmon is entitled to qualified immunity.  The magistrate judge submitted proposed findings

and recommended disposition in which he concluded that Chestang had not presented facts that

would tend to show a constitutional violation.  Therefore, the magistrate judge recommended that

Chestang's complaint be dismissed.  For reasons that will be explained, the Court declines to adopt

---

[1] Another defendant, Steven Decoursey, was previously dismissed.

[2] It is not clear whether the defendants intend to argue this point under Fed. R. Civ. P.
12(b)(6) or 56.

the magistrate judge's recommendation.  The defendants' motion for summary judgment will be granted in part and denied in part.

## I.

The pleading standards, and the correlative standards for ruling on a motion to dismiss under Rule 12(b)(6), are well known.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007).  In ruling on a motion to dismiss, the Court must accept as true all factual allegations in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief.  *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).  All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).  The Court need not, however, accept as true legal conclusions, even those stated as though they are factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009).

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  A genuine dispute

of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

## II.

According to the complaint, on April 21, 2008, after he had showered, Chestang was shackled and handcuffed by Robinson and escorted back to his cell without a second guard, though ADC policy provides that two guards should have been present during the escort. Traveling from the showers to Chestang's cell required navigation of stairs. The complaint alleges:

> During this transition from the shower towards Mr. Chestang's cell on the third tier, while on the first flight of stairs, Mr. Robinson snatched Mr. Chestang's left arm causing Mr. Chestang to inevitably lose balance and his helpless body to literally and completely fall, tumble and roll backwards down a half a flight of stairs hitting his head, neck, wrists and twisting his right ankle (or rather causing physical injuries to such specified areas).
>
> The fact . . . is that . . . Mr. Chestang had previously filed informal/grievance(s) against Mr. Robinson and Mr. Robinson found an opportunity to disregard policy and retaliate against Mr. Chestang . . . .
>
> At the time of the incident (immediately prior thereto) when Mr. Robinson was placing the shackles on Mr. Chestang, Mr. Robinson told Mr. Chestang, "I told you, you'll never know when . . . ." Mr. Chestang had been previously verbally threaten[ed] by Mr. Robinson for the filed informal grievance(s), but Mr. Chestang was only naive to believe that Mr. Robinson would not follow up/carry out his threat to "get back" at him.

Document #2, at 6-7. There is no evidence that Chestang suffered serious injuries from this fall.

To prevail on a retaliation claim, Chestang must show (1) he engaged in a protected expression, (2) he suffered an adverse action, and (3) the adverse action was causally related to the protected expression. *Nelson v. Shuffman*, 603 F.3d 439, 450 (8th Cir. 2010). Access to the grievance process is protected by the first amendment, so Chestang's allegations meet the first element. *Id*. That Robinson caused Chestang to fall down the stairs suffices to meet the second

3

element. *Cf. Santiago v. Blair*, __ F.3d __, 2013 WL 692772, at *6 (8th Cir. Feb. 27, 2013). Finally, the allegations regarding Robinson's comments immediately prior to the incident meet the third element. *See id*. Thus, the complaint states a claim against Robinson for retaliating against Chestang for exercising his first amendment rights, and, accepting Chestang's statements as true, a genuine dispute of fact exists as to each element of the retaliation claim.

To establish a claim of excessive force in violation of the eighth amendment, an inmate must show that he was subjected to unnecessary and wanton infliction of pain. *Hudson v. McMillian*, 503 U.S. 1, 5, 112 S. Ct. 995, 998, 117 L. Ed. 2d 156 (1992). What suffices to establish an unnecessary and wanton infliction of pain varies according to the circumstances. *Id*. When force is necessary to control a prison disturbance, the question of whether unnecessary and wanton pain was inflicted turns on whether the force was applied in a good faith effort to maintain or restore discipline or whether it was applied maliciously and sadistically for the very purpose of causing harm. *Id*. at 6, 112 S. Ct. at 998.

> In determining whether the use of force was wanton and necessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. The absence of serious injury is therefore relevant to the eighth amendment inquiry, but does not end it.

*Id*. at 7, 112 S. Ct. at 999 (internal quotation marks and citations omitted). Because force is sometimes necessary in the prison context, not every "malevolent touch by a prison guard gives rise to a federal cause of action." *Id*. at 9, 112 S. Ct. at 1000. Thus, "[a]n inmate who complains of a 'push or shove' that causes no discernable injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 130 S. Ct. 1175, 1178, 175 L. Ed. 2d 995 (2010). Even so, the fact that an inmate suffers only minor injuries does not necessarily preclude a valid eighth

amendment claim because "[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Id*. at 1178-79; *see also Santiago*, 2013 WL 692772, at *3; *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010). The "core judicial inquiry" is not the extent of the inmate's injury but the nature of the force applied: "To conclude . . . that the absence of 'some arbitrary quantity of injury' requires automatic dismissal of an excessive force claim improperly bypasses this core inquiry." *Wilkins*, 130 S. Ct. at 1179.

Here, the only information in the record as to how the incident occurred is the complaint. Accepting Chestang's allegations as true for the purpose of ruling on the pending motion, Robinson "slightly snatched"[3] Chestang's elbow while he was navigating stairs in handcuffs and shackles, which caused him to lose balance and fall down the stairs. Though the force used was not great, because Chestang was shackled and handcuffed, it was sufficient to cause him to lose his balance and fall down the stairs. Although not every malevolent touch by a prison guard gives rise to an eighth amendment violation, that point is irrelevant here because nothing in the record indicates that any type of touch or any type of discipline was necessary. So far as can be determined from the record as it currently stands, the only purpose for Robinson to "snatch" Chestang's elbow was to cause him to lose his balance and fall down the stairs, which would tend to prove that Robinson unnecessarily and wantonly inflicted pain. In his motion for summary judgment, Robinson argues only that Chestang's

---

[3] Chestang used the phrase "slightly snatched" in a grievance though he only used the words "snatched" in his complaint.

injuries lacked a necessary level of severity; Robinson makes no argument and provides no evidence regarding the nature of the force applied.

For these reasons, the Court declines to accept the magistrate judge's recommended disposition as to Chestang's individual claims against Robinson.  Robinson's motion for summary judgment or to dismiss the claims against him individually is DENIED.

## III.

All of Robinson's other claims must be dismissed.  First, Chestang's claims against Robinson and Harmon  in their official capacities are merely claims against the State of Arkansas, and neither the State nor its officials acting in their official capacities are subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989).

Second, Chestang's individual capacity claims against Harmon must be dismissed because he does not allege that Harmon participated in the retaliation or use of excessive force against him and because "a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011) (quoting *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987)).  *See also McDowell v. Jones*, 990 F.2d 433, 435 (8th Cir. 1993) (to hold a superior liable under section 1983, a plaintiff must show that the supervisor personally participated in, had direct responsibility for, or knew of and was deliberately indifferent to the constitutional violations); *Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994) (warden cannot be liable under section 1983 based on respondeat superior).  Harmon's only personal involvement was to rule upon Chestang's grievance, which is insufficient to establish a claim against Harmon. *Bilal v. Lockhart*, 5 F.3d 531 (8th Cir. 1993) (the grievance procedure is a procedural right only and does not confer any substantive rights on an inmate).

**CONCLUSION**

For the reasons stated, the defendants' motion for summary judgment is granted in part and denied in part.  Document #43.  The Court declines to accept the magistrate judge's recommendation.  Document #49.  Ruben Robinson's motion for summary judgment on the claims against him in his individual capacity is denied.  Chestang's claims against Robinson and Greg Harmon in their official capacities are dismissed, as are Chestang's claims against Harmon in his individual capacity.

IT IS SO ORDERED this 11th day of March, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE